**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JASIR ALI, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>SKLAR LAW, LLC,<br><br>　　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 24-7630 (KMW-EAP)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiffs' Complaint filed July 3, 2024, (ECF No. 1) and

THE COURT NOTING that the Court has previously granted Plaintiffs' *in forma pauperis* Application, (ECF No. 3);

THE COURT NOW FINDS that it is required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant.  For the reasons set forth below, Plaintiffs' Complaint is granted in part and dismissed in part without prejudice.

While the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the

plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted).

### A. Fair Debt Collection Practices Act

#### i. 15 U.S.C. § 1692g(a)(3)-(5)

Plaintiffs assert that Defendant's communication violated 15 U.S.C. § 1692g(a)(3)-(5), which states in pertinent part:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— [ . . .]
>
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5). The Court notes that an important aspect of this provision is that a second notice is <u>not</u> required if the first written notice contains the required information. Plaintiffs provide copies of the notice in their Complaint. The Court notes that two statements in Defendant's letter comply with the requirements of 15 U.S.C. § 1692g(a)(4) and (5):

- "If you write us by January 16, 2024, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form." *See* Ex. A.

2

- "What else can you do? . . . Write to ask the name and address of the original creditor, if different from the current creditor. If you write by January 16, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form." *See* Ex. A.

However, the Court notes that the Third Circuit's guidance instructs that "mere inclusion" is not sufficient, rather "the required notice must also be conveyed effectively to the debtor," and the Court must assess whether other language in the letter "overshadow[s] or contradict[s]" the validation notice, which includes both the form and substance of the letter itself. *Ferrulli v. BCA Fin. Servs.*, No. 17-13177, 2018 WL 4693968 at *2 (D.N.J. Sept. 28, 2018). The Court must interpret the letter from the perspective of the "least sophisticated debtor," to determine whether confusion could result because the notice "could be read to have two or more different meanings, one of which is inaccurate." *Robinson v. Northland Grp., Inc.*, No. 17-12023, 2018 WL 3455481 at *4 (D.N.J. Jul. 18, 2018). The standard is one that intends to "protect naïve consumers, but also prevent liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at *3.

Here, the Court notes the following from Defendant's letter:

- "Call or write us by January 16, 2024 to dispute all or part of the debt. If you do not, we will assume that our information is correct." *See* Ex. A.

When assessing the letter for compliance with the FDCPA, it is important to consider whether the letter "instruct[s] or suggest[s] an alternative method of disputing the debt beyond what the letter instructs in the validation notice." *Ferrulli*, 2018 WL 4693968 at *3. The Third Circuit has found that a debt collection letter that violates the FDCPA could lead the least sophisticated debtor to

3

believe that he or she could effectively dispute the validity of the debt by making a telephone call. *Id.* at *2 (quoting *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 150-51 (3d Cir. 2013). Here, Defendant's notice contains that exact flaw: it is not difficult for this Court to imagine that the least sophisticated debtor could read Defendant's instruction to "[c]all or write us . . . to dispute all or part of the debt," as instructing the debtor that he or she could effectively dispute the validity of the debt by making a telephone call.

Therefore, the Court will dismiss Plaintiffs' FDCPA claims for 15 U.S.C. § 1692g(a)(4) and (5), but will permit Plaintiffs' FDCPA claim pursuant to 15 U.S.C. § 1692g(a)(3) to continue.

### ii. 15 U.S.C. § 1692e(2)(A) and (10)

Plaintiff's Amended Complaint also asserts two provisions pursuant to 15 U.S.C. § 1692e(2)(A) and (10) states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: [. . .]
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt [. . .]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A) and (10). Plaintiffs' Complaint states that the debt Defendant is attempting to collect was disputed with the original creditor. Plaintiffs assert that they do not owe the amount the original creditor asserts is due and provides evidence of this dispute. *See* Ex. D. Given the mandate that the Court must construe Plaintiffs' Complaint liberally, the Court will permit Plaintiffs' 15 U.S.C. § 1692e(2)(A) and (10) claims.

Therefore,

IT IS HEREBY on this ___ day of September, 2024,

**ORDERED** that Plaintiffs' claims against Defendant pursuant of 15 U.S.C. § 1692g(a)(4) and (5) are **DISMISSED WITHOUT PREJUDICE**; and Plaintiffs' claims pursuant to 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692e(2)(A) and (10) claims are **PERMITTED TO PROCEED**; and further

**ORDERED** that the Clerk of Court file the Complaint and issue a summons and the U.S. Marshal serve a copy of the Complaint, summons and this Order upon Defendant as directed by Plaintiffs. All costs of service shall be advanced by the United States; and

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge